## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## SAN ANTONIO DIVISION

| | |
|---|---|
| In re: | § |
| | § Case No. 21-50546-mmp |
| ELECTRO SALES & SERVICE, INC. | § |
| | § Chapter 11 |
| Debtor. | § |

| | |
|---|---|
| MR. W FIREWORKS, INC., | § |
| Plaintiff, | § |
| | § |
| v. | § Adversary No. 22-05045 |
| | § |
| ELECTRO SALES & SERVICE, INC., | § |
| and 2317 PINN ROAD INVESTMENT, | § |
| INC. | § |
| Defendants. | § |

### DEFENDANT 2317 PINN ROAD INVESTMENT INC.'S MOTION TO SET ASIDE DEFAULT AND DEFAULT JUDGMENT

NOW COMES 2317 PINN ROAD INVESTMENT, INC. ("Pinn Road"), a Defendant herein and files this Motion to Set Aside Default and Default Judgment (the "Motion") in the above styled and numbered cause and in support of its Motion would respectfully show the Court as follows:

### FACTUAL BACKGROUND

1. On May 3, 2021, (the "Petition Date") Electro Sales and Service, Inc. ("Debtor") filed its voluntary petition initiating a case under Chapter 11 of the United States Bankruptcy Code (the "Bankruptcy Case"). The Debtor operated as a "debtor-in-possession" until confirmation of its Second Amended Plan of Reorganization (the "Plan") by order entered on April 21,2022.

2. During the pendency of the Bankruptcy Case Mr. W. Fireworks ("Plaintiff") entered into a lease agreement with the debtor dated December 6, 2021 ("Plaintiff's Lease").

Debtor leased the property at 2750 S. Loop 1604 E. in San Antonio, Texas (the "Property"). Plaintiff's lease was entered into during the pendency of the bankruptcy case.

3.      Plaintiffs Lease Included an alleged right of first refusal in the event the Debtor decided to sell the property to any third party. Plaintiffs lease further provided that quote the covenants and agreements of this lease shall run with the land and extend to and be binding upon the heirs, executor, and assigns of the parties hereto."

4.      Neither plaintiff nor Debtor sought relief from this Court approving the entry into Plaintiffs Lease. Plaintiff alleges that its' lease was within the ordinary course of the debtor's business and therefore did not require Court approval.

5.      The Debtor's Plan provided that it was effective 30 days following the confirmation date. Accordingly, the plan was "effective" on May 21, 2022. The plan provided for the liquidation of all of the debtor's remaining assets, including the property, within 180 days from the confirmation date. The plan further provided that the properties would be sold to the highest bidder for cash with no contingencies.

6.      The Plan identified a single unexpired lease of the property located at 3539 Eisenhower Road San Antonio TX. No other leases or contracts were identified in the Plan, including Plaintiff's Lease.

7.      On or about July 5, 2022, Pinn Road purchased the Property from the Debtor as provided in the Plan.  The consideration paid by Pinn Road to the Debtor was $300,000.  The purchase price was financed by Shebilo Management, Inc. (the "Lender"). Since purchasing the Property, Pinn Road has expanded over $178,000 improving the property to be operated as a convenience store.

8.      On July 27, 2022, Plaintiff filed its "First Amended Complaint for Revocation of Confirmation Order and Related Relief" (the "Complaint") naming Pinn Road as an additional defendant.

9.      Plaintiff attempted service process upon Pinn Road addressed to 2317 Pinn Road Investment Inc care of Sonali Abdul Malik at 2317 Pinn Road, San Antonio TX 78227.  According to the return of the Summons, service was by depositing the summons and a copy of the Complaint in first class mail on July 27 2022.

10.     Pinn Road is a Texas corporation formed on February 9, 2022. Sonali Abdul Malik is identified as the registered agent for Pinn Road in the records of the Secretary of State of Texas. The address for the registered agent was identified as 2317 Pinn Road, San Antonio TX 78227 on the date of formation.

11.     At the time Pinn Road was formed 2317 Pinn Road was an address used by the family businesses as an office.  Property at 2317 Pinn Road was leased and operated as a convenience store.  June 30, 2022 was the last day of operations at the 2317 Pinn Road location and the family business surrendered the lease of that store.  By the date that the Plaintiff deposited process in the mail, the Registered Agent no longer received mail at that location.  The family business moved its business operations to the newly acquired Property.

12.     Pinn Road never received the Summons or Complaint and was unaware that it had been named a defendant in this Adversary Proceeding.  On September 13, 2022, default was entered by the clerk's office against Pinn Road. On September 26, 2022, Plaintiff filed its Motion for Default Judgment against the Debtor and Pinn Road. Plaintiff filed a motion for expedited hearing contemporaneously with the Motion for Default Judgment. The Court held a hearing on

the Motion for Default Judgment on October 3, 2022, and default judgment was entered against Pinn Road on October 14, 2022 (the "<u>Default Judgment</u>").

## <u>ARGUMENT AND AUTHORITIES</u>

13.     Pursuant to Rule 55(c) of the Federal Rules of Civil Procedure, a Court may set aside a judgment by default for good cause. The Court may also provide a party with relief from a judgment pursuant to Rule 60(b) of the Federal Rules of Civil Procedure due to mistake, inadvertence, surprise, excusable neglect, or any other reason justifying relief. Rules 55 and 60 of the Federal Rules of Civil Procedure apply in this adversary proceeding pursuant to Rules 7055 and 9024 of the Federal Rules of Bankruptcy Procedure.

14.     Rules 55(c) allows a court to set aside its entry of default and the resulting default judgment "for good cause shown". *Matter of Dierschke*, 975 F.2d 181 (5th Cir. 1992).   Good cause is not subject to precise definition.  However, as an initial matter "courts universally favor trial on the merits" Bridoux *v. Eastern Air Lines, Inc.,* 214 F.2d 207, 210 (D.C.Cir.) (quoting *Manos v. Fickenscher,* 62 A.2d 791, 793 (D.C.1948)), cert. denied, 348 U.S. 821, 75 S.Ct. 33, 99 L.Ed. 647 (1954).

15.     In *Dierschke* the Court found it "useful" to consider the following three factors in determining good cause:

   a. whether the default was willful,
   b. whether setting it aside would prejudice the adversary, and
   c. whether a meritorious defense is presented.  *Id*. at 183 (quoting *United States v. One Parcel of Real Prop.*, 763 F.2d 181 (5th Cir. 1985).

16.     The Fifth Circuit has recognized that the foregoing factors are not exclusive. Other courts have considered additional factors such as whether (i) the public interest was implicated, (ii) there was a significant financial loss to the defendant, and (iii) the defendant acted expeditiously to correct the default. *Id.* at 184.

17.     The Default Judgment is not a final judgment because further proceedings remain in the adversary proceeding, specifically Plaintiff's request to offset its attorney's fees against the purchase price. While the courts apply substantially the same standards when considering a motion to set aside a default as when considering a motion to set aside a default judgment, the former is more readily granted than the latter. *Fed. Sav. & Loan Ins. Corp. v. Kroenke*, 858 F.2d 1067 (5th Cir. 1988).

### A.     *Pinn Roads Default was Not Willful*

18.     Plaintiff served process upon Pinn Road by first class mail to an address no longer occupied by its registered agent. That address, which was a valid address at the time Pinn Road was formed was surrendered to the lessor on June 30, 2022. In the brief time period between the date of surrender and the date of service of process, Pinn Road had not updated the address for its registered agent. As a newly formed entity with no prior business activity, Pinn Road had no reason to believe there was any exigency in updating the address for its Registered Agent.

19.     Pinn Road's failure to timely answer or otherwise appear and defend resulted from justifiable neglect. Pinn Road never received a copy of the summons or Complaint and was unaware that it had been named in this adversary proceeding. Upon learning of this adversary proceeding, Pinn Road has expeditiously retained counsel and filed this Motion. The interval between the date of entry of the Default Judgment (October 14, 2022) and the time of filing this Motion (December 1, 2022) is a mere 48 days.

### B.     *Pinn Road has a Meritorious Defense*

20.     Upon entry of an order setting aside the default and default judgment, Pinn Road will present a number of meritorious defenses to Plaintiff's lawsuit. First and foremost, Plaintiff's Lease is void due to the failure to seek and obtain authority from the Court to enter into that Lease.

Whether the execution of a lease of real property is an ordinary course of business transaction for a debtor in possession under 11 U.S.C. §363 is debatable. The transaction between the Debtor and Plaintiff in this instance strayed far beyond the ordinary course of business of the Debtor.

21.     Plaintiff's Lease includes a restrictive covenant which limits the Debtor's use of the Property. The right of first refusal ("ROFR") included within Plaintiffs Lease is an option to purchase the Debtor's real property. As a covenant purporting the "run with the land" it is cloud on the Debtor's title. It is undisputed that the parties to the Plaintiff's Lease ignored this Court's jurisdiction and authority over property of the Debtor's estate and entered into a transaction which is void, or at lease voidable *ab initio*.

22.     Further, Plaintiff alleges that it had a binding contract to purchase the Property from the Debtor (see Ex. C to the Complaint). Plaintiff's earnest money contract is dated March 4, 2022. The contract is dated a month and a half prior to the confirmation of the Plan and two and a half months before the Plan was effective. Since the Bankruptcy Case remained pending at the time of the Plaintiff's earnest money contract, the Debtor was required to seek the approval of this Court to sell the Property. No such approval was sought or obtained. Plaintiff's earnest money contract is void.

23.     The Default Judgment is also invalid due to Plaintiff's failure to name an indispensable party. Plaintiff attached to its Complaint as Exhibit D, a copy of the Warranty Deed with Vendor's Lien conveying the Property to Pinn Road. That document states that the Property was impressed with a first lien in favor of Shebilo Management Inc. ("Shebilo"). Notwithstanding the fact that Plaintiff had actual knowledge and notice of Shebilo's interest in the Property, Plaintiff failed to name Shebilo as a party to this litigation.

### C.     *Setting Aside the Default Will Not Prejudice the Plaintiff*

24.     Plaintiff will not be prejudiced if the default judgment is set aside. The fact that setting aside the default would delay Plaintiff's acquisition of the Property if the Plaintiff was to succeed at trial or would require the Plaintiff to litigate the adversary proceeding is insufficient prejudice to require the default and default judgment to stand. *See Keegel v. Key W. & Caribbean Trading Co., Inc.,* 627 F.2d 372 at 374 (D.C. Cir. 1980).

### D.     Other Considerations

25.     To the extent there is a public interest implicated in this matter, it favors Pinn Road. Upholding the obligations of a Debtor to abide by the requirements imposed on a debtor in bankruptcy is a matter of public interest.

26.     Pinn Road will suffer a significant financial loss if the Court does not set aside the Default Judgment.  Pinn Road purchased the Property for an amount in excess of the purchase price the Plaintiff intends to pay.  Moreover, since acquiring the Property, Pinn Road has invested more than $100,000 rehabilitating the Property so that it can operate as a convenience store.

27.     Pinn Road acted expeditiously to remedy the default. As discussed *supra*, a mere 48 days have passed since entry of the default judgment.

28.     In light of the above, Citibank respectfully requests that the Court reopen this adversary proceeding and grant it relief from the default judgment to allow the matter to proceed to trial on the merits.

## CONCLUSION

BASED UPON THE FOREGOING, 2317 PINN ROAD INVESTMENT, INC. respectfully requests that the Court: (i) grant set aside the entry of default, (ii) vacate the default judgment entered in this adversary proceeding; (iii) grant Pinn Road twenty days from the date of

entry of an order granting this motion to file responsive pleadings in this adversary proceeding, and grant Pinn Road such other relief as to which it is justly entitled.

Respectfully submitted this December 1, 2022.

THE LAW OFFICES OF RAY BATTAGLIA, PLLC.
66 Granburg Circle
San Antonio, Texas 78218
Telephone (210) 601-9405
Email: rbattaglialaw@outlook.com


By:  /s/ Raymond W. Battaglia
   Raymond W. Battaglia
   Texas Bar No. 01918055

**ATTORNEYS FOR 2317 PINN ROAD INVESTMENT INC.**


## CERTIFICATE OF SERVICE

On November 30, 2022, a true and correct copy of the foregoing document was filed with the Court and served electronically upon those parties registered to receive electronic notice via the Court's CM/ECF system and transmitted by first class mail to the parties listed below.

*/s/ Raymond W. Battaglia*
Raymond W. Battaglia


Electro Sales & Service, Inc.    Jose C Rodriguez
27015 Granite Path      342 W Woodlawn, Ste 103
San Antonio, TX 78258     San Antonio, TX 78212

Clinton Lee Buck
Branscomb Law
4630 North Loop 1604 West
Suite 206
San Antonio, TX 78249