**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **In re:** | § | |
| | § | |
| **ELECTRO SALES & SERVICES, INC.** | § | **CASE NO. 21-50546-MMP** |
| | § | |
| | § | **Chapter 11** |
| **Debtor.** | § | |

| | | |
|---|---|---|
| **MR. W FIREWORKS, INC.** | § | |
| | § | |
| ***Plaintiff,*** | § | **ADVERSARY PROCEEDING** |
| **v.** | § | |
| | § | **NO. 22-05045** |
| **ELECTRO SALES & SERVICE, INC. and PINN ROAD INVESTMENT INC.** | § | |
| | § | |
| | § | |
| ***Defendants.*** | § | |

**DEFENDANT PINN ROAD INVESTMENT INC'S MOTION TO DISMISS**

**THIS PLEADING REQUESTS RELIEF THAT MAY BE ADVERSE TO YOUR INTERESTS.**

**IF NO TIMELY RESPONSE IS FILED WITHIN 21 DAYS FROM THE DATE OF SERVICE, THE RELIEF REQUESTED HEREIN MAY BE GRANTED WITHOUT A HEARING BEING HELD.**

**A TIMELY FILED RESPONSE IS NECESSARY FOR A HEARING TO BE HELD.**

TO THE HONORABLE MICHAEL M. PARKER:

Comes now, Defendant Pinn Road Investments, Inc., hereinafter "Defendant" in the above - styled adversary proceeding and pursuant to Fed. R. Civ. P. 12(b)(6) and (7) and adopted by Fed. R. Bank. P. 7012, and L.B.R. 7012, files this *Defendant Pinn Road Investment Inc.'s Motion To Dismiss* and requests that this court dismiss Plaintiff's First Amended Complaint (Doc 3) on the grounds that the complaint fails to state a claim upon which relief can be granted and because it fails join indispensable parties necessary for the relief requested in the complaint.

## I. PROCEDURAL HISTORY

1. The above Chapter 11 bankruptcy proceeding was filed by the Debtor, Electro Sales & Service, Inc. ("Debtor") as a voluntary petition on May 3, 2021. Doc. 1. The Debtor is a Texas corporation formed in May 1997 and prior to the filing of the bankruptcy proceeding, operated commercial rental properties at two locations. The Debtor claimed that the filing of the bankruptcy was due to the economic hardship from the Covid-19 Pandemic which resulted in a loss of revenue and the Debtor became delinquent on the mortgage on the property at Eisenhauer Road.

2. The Debtor's schedules at Schedule A were filed on May 21, 2021 and show one property valued at $800,000 and located at 3941 Eisenhauer Road, San Antonio, Texas 78218 (Sec. 55.1) and a second property located at 2750 S. Loop 1604, San Antonio, Texas at $300,000 (Sec. 55.2). The summary of schedules showed the total of all property at $1,152,635 and liabilities of $415,895.00. Doc 17. This proceeding concerns the second property at 2750 S. Loop 1604, San Antonio, Texas ("the Property").

3. **Contract for Lease**. After the bankruptcy was filed but before the Debtor began proposing a plan of reorganization, the Debtor, on June 6, 2021, entered into a written lease agreement with the Plaintiff to lease the Property. The lease was for 1 year and 9 consecutive 1 year option periods from December 6, 2021. The lease identified the property as: "CB 4189A, Blk 1, Lot NW 244.61 feet of 1 & CB 4189 P.14C, ABS 171 ARB TR-A" and described in Bexar County, Texas. The lease was for the purpose of selling fireworks at the location. The lease included a right of first refusal: "Lessor will give Lessee first right of refusal should Lessor decide to sell to and third party." See Pl. Exhibit A. The lease also restricted the use of the Property during the term of the lease (plus any option period) and for a period of 10 years after the lease is terminated.

4. **Memorandum of Lease and Restrictive Covenant**. On December 20, 2021, a

Memorandum of Lease and Restrictive Covenant was filed in the official records of Bexar County, Texas at DOC 20210352099. See Pl. Exhibit B.

5. **Debtor's plan and disclosure statements**. From January through April 2022, the Debtor began filing plans of reorganization and disclosure statements that proposed to sell the Debtor's assets in a liquidating plan. (Docs 38, 39, 44 – 46, 53).

6. **Real Estate Sales Agreement.** While the Debtor engaged in efforts to file an acceptable bankruptcy plan, the Debtor, on March 4, 2022, as Seller and the Plaintiff, as Buyer, entered into a **Real Estate Sales Agreement** where the Debtor agreed to sell and the Plaintiff agreed to purchase the Property for $250,000. The closing was set for June 1, 2022 or ten days after title acceptance. The contract shows that the Plaintiff tendered $2,500 in earnest money to the title company which was acknowledged by Joe P. Gamblet, V.P. Commercial Division of Alamo Title Company as the Escrow Agent. Pl. Ex C.

7. **Second Amended Bankruptcy Plan**. Six days after the sales contract with the Plaintiff, on March 10, 2022, the Debtor filed its Second Amended Debtor-In-Possession's Plan of Reorganization. Doc. 61. The plan at Article VII, Section 7.02, provided for a Class II creditor, being the Allowed Secured Claim of San Pedro Real Estate, LLC in the approximate amount of $160,000, to be paid from the sale of the Property within 180 days of the Confirmation Date. San Pedro Real Estate LLC held the first lien on the Property. Under the plan terms, the effective date of the plan was thirty days from the confirmation plan date.

8. It is undisputed that the lease agreement with the Plaintiff, nor the sales contract over the property at 2750 S. Loop 1604 E. San Antonio, Texas 78229 were post-petition transactions that were made without notice to creditors or the bankruptcy court and were entered into without bankruptcy court approval.

9. Under Article VIII, Section 8.01 of the second amended plan, the "only executory

contract or unexpired lease the Debtor has is with Attaur Rehman, who is leasing the property located at 3539 Eisenhauer Road, San Antonio, Texas." The bankruptcy plan did not disclose either the Contract for Lease or the Real Estate Sales Agreement with the Plaintiff regarding the Property.

10. **Approval of Chapter 11 Plan**. On April 20, 2022, the bankruptcy court confirmed the Chapter 11 plan and signed an Order Confirming Chapter 11 Plan. Doc 66. See Def. Ex A. The order confirming the plan provided at paragraph 12 that "Upon confirmation of the Plan all of the Debtor's assets shall remain property of the bankruptcy estate." Paragraph 13 of the confirmation order provided that "Upon confirmation of the Plan all of the Debtor's assets shall remain property of the bankruptcy estate." Paragraph 15 of the confirmation order provided that "If the case is subsequently converted to Chapter 7, all property of the Debtor shall automatically revest and become property of the bankruptcy estate in the converted Chapter 7 case." Section 3.01 of the confirmed plan provided for the sale of the Debtor's assets to the highest bidder for cash with no contingencies with the assistance of Remax New Heights. The plan authorized the sale of assets by the Debtor post confirmation without bankruptcy court oversight.

11. **Real Estate Sales Agreement with Defendant**. On or about June 6, 2022, more than thirty days after confirmation of the Debtor's bankruptcy plan, the Debtor, as Seller and Defendant, as Buyer executed a Real Estate Sales Contract for the sale of the Property to Defendant for $300,000. The closing was to occur on June 25, 2022. Def. Ex A – Declaration of Abdul Malik Arman Aziz; Def. Ex B – Real Estate Sales Agreement.

12. **Adversary Proceeding.** On June 24, 2022, Plaintiff filed its Complaint for Revocation of Confirmation Order and Other Related Relief in this adversary proceeding challenging the confirmation of the Debtor's plan. Doc. 1.

13. **Closing on the sale to Defendant.** On July 5, 2022, the closing of the sale of the

property between the Debtor and Defendant Pinn Road regarding the property at 2750 S Loop 1604 E San Antonio TX 78264 occurred at Old Republic National Title Insurance at an office in San Antonio, Texas. Def. Ex C - HUD Settlement Statement. At the closing, Defendant funded the sale of the Property by payment of $300,000 from a loan by its lender, Shebilo Management, Inc., who secured its debt by a deed of trust lien on the property.

14. **Conveyance of title.** At the closing, the Debtor executed a Warranty Deed With Vendor's Lien transferring title to the Property to Defendant. The deed was recorded at Document Number 20220166850 on July 6, 2022 $300,000. In the warranty deed, the Debtor: (1) made no reservations from conveyance, (2) warranted good title to the Defendant, and (3) did not disclose the existence of a potential claim of the Plaintiff. See Def. Ex E.

15. **Financing of the sale**. At the closing the Debtor granted a deed of trust lien on the property to Shebilo Management, Inc. The deed of trust was filed at Doc # 20220169110 on July 8, 2022. See Def. Ex F. From the loan proceeds, the sum of $120,000 was used to discharge a first lien on the property held by San Pedro Real Estate, the Class II creditor provided for at Article VII, Section 7.02 of the Second Amended Bankruptcy Plan.

16. On July 8, 2022, San Pedro Real Estate, LLC executed a Release of Lien which was filed at Doc #20220169109 on July 8, 2022. See Def. Ex F.

17. **First Amended Complaint**. On July 27, 2002, Plaintiff filed its First Amended Complaint Revocation of Confirmation Order and Other Related Relief. Doc. 3. This complaint challenged the confirmation order, sought an action for breach of contract against the Debtor and an action in quiet title against the Defendant to invalidate Plaintiff's title. It sought no relief as against Shebilo Management, Inc. who holds the first lien deed of trust lien against the property.

18. On September 26, 2022, Plaintiff filed its Motion for Default Judgment against Defendants. Doc. 15.

19. **Default judgment granted**. On October 13, 2022, the court granted the motion and signed an Order Granting Motion for Default Judgment. Doc 21. In the order the court revoked the Order Confirmation Chapter 11 Plan signed on April 20, 2022. Doc 66. In the order the court found the confirmation order to be void. The court found the Plaintiff to be entitled to specific performance. The court dismissed without prejudice the Plaintiff's claim to quiet title. Doc 88[1].

20. **Conversion to Chapter 7**. On November 4, 2022, in the bankruptcy proceeding, the court entered an Order Converting Case to Chapter 7. Doc. 90. The court appointed Jose Rodriguez as interim trustee. Doc 91.

21. On November 12, 2022, in this adversary proceeding, Plaintiff filed its Request for Clerk's Entry of Default as to the Debtor and Defendant. Doc. 10. The clerk filed the Clerk's Entry of Default against the defendants on September 13, 2022. Docs 11, 12.

22. On December 1, 2022, Defendant filed its Motion to Set Aside Default Judgment. Doc. 32.

23. On January 9, 2023, this court granted Defendant's Motion to Set Aside Default Judgment and permitted Defendant to file its answer or other responsive pleading on or before 15 days from the date of the entry of the order and other conditions. Doc. 50.

## II. ARGUMENTS AND AUTHORITIES

### A. FEDERAL RULE 12(b)(6) PLEADING STANDARDS

24. Defendant asserts this Motion pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, incorporated into this proceeding pursuant to Rule 7012 of the Federal Rules of Bankruptcy Procedure. Under Rule 12(b)(6), the Court accepts all well-pleaded facts as true, and views them in the light most favorable to the plaintiff. *Kaiser Aluminum & Chem. Sales, Inc. v.*

[1] This order was dockted in the main bankruptcy proceeding of the Debtor on November 2, 2022.

*Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982). The plaintiff, however, must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1974 (2007). The Supreme Court heightened the basic pleading standards under Rule 12(b)(6), eliminating the "no set of facts" language of *Conley v. Gibson*, 355 U.S. 41, 47 (1957). *See Twombly*, 127 S.Ct. at 1964-65.

25. To avoid dismissal for failure to state a claim, a plaintiff must comply with Fed.R.Civ.P. 8(a)(2) that requires a plaintiff to plead "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a). While Rule 8 does not require detailed factual allegations, a complaint must contain facts that are "enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v Twombly*, 550 U. S. 544, 555 (2007); *In re Smith*, 524 B.R. 125, 131 (Bankr. S.D. Tex. 2015).

26. The Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662, 669 (2009) explained that *Twombly* promulgated a "two-pronged approach" to determine whether a complaint states a plausible claim for relief. *Id.* First, the court must identify those pleadings that are not supported by factual allegations, "because they are no more than conclusions, [and] are not entitled to the assumption of truth." *Id.* Second, upon identifying well-pleaded factual allegations, the court will "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 663. This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 663–64; *In re Jacobsen*, 2012 WL 4033237 (Bkptcy. E.D. Tex. 2012)(J. Rhodes).

27. A complaint does not need detailed factual allegations but must provide the plaintiff's grounds for entitlement to relief including factual allegations that when assumed to be

true raise a right to relief above the speculative level." *Lormand v. U.S. Unwired, Inc.,* 565 F.3d 228, 232 (5th Cir.2009).

28. In considering such a motion, generally the "court must limit itself to the contents of the pleadings, including attachments thereto." *Collins v. Morgan Stanley Dean Witter,* 224 F.3d 496, 498 (5th Cir.2000); *see also In re Katrina Canal Breaches Litig.,* 495 F.3d 191, 205 (5th Cir.2007) (court may consider a document attached to the motion to dismiss, if it is referred to in the complaint and is central to the plaintiff's claim.). However, "courts must consider the complaint in its entirety, as well as other sources in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.,* 127 S.Ct. 2499, 2509 (2007).

29. A court may consider materials if (1) the authenticity of the materials is not disputed and (2) the plaintiff has alleged the existence of the materials in the complaint or the complaint "necessarily relies" on the materials. *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001) (citation omitted). The court may also take judicial notice of undisputed facts that are contained in extrinsic materials. *Mir v. Little Co. of Mary Hosp.*, 844 F.2d 646, 649 (9th Cir. 1988).

30. Dismissal of an adversary proceeding under rule 12(b)(6) is appropriate if the affirmative defense appears on its face in the pleadings. *In re Phillips*, 233 B.R. 712, 713 (Bankr. W.D. Tex. 1999)(case time barred); *In In re Douglass*, No. 04-12499-CAG, 2008 WL 2944568, at *1 (Bankr. W.D. Tex. July 25, 2008)(court did not dismiss the proceeding but recognized that dismissal under Rule 12(b)(6) is appropriate when an affirmative defense appears on its face to be valid). The court may rely on documents not incorporated by reference where the complaint relies heavily upon its terms and effect, which renders the document integral to the complaint. *Int'l Audiotext Network, Inc. v Am. Tel. & Tel. Co.*, 62 F.3d 69, 72 (2d Cir 1995)(per curiam). The court

may also take judicial notice of matters of public record. *Kramer v Tim Warner, Inc*. 937 F.2d 767, 773-74 (2d Cir. 1991).

31. With regards to a motion to dismiss for failure to join an indispensable party, the courts keep in mind the policies that underlie Federal Rule of Civil Procedure dealing with joinder of parties, including public interest in preventing multiple and repetitive litigation, interest of parties before it in obtaining complete and effective relief in single action, and interest of any absentees in avoiding possible prejudicial effect of court's deciding the case without them. *In re Reinoso,* 525 B.R. 573 (Bankr. D.P.R. 2015).

32. Plaintiff's amended complaint seeks five counts against the Defendants.

**B. COUNT 1**

33. In Count 1, Plaintiff seeks revocation of Confirmation.

11 U.S.C. § 1144 provides:

> On request of a party in interest at any time before 180 days after the date of the entry of the order of confirmation, and after notice and a hearing, the court may revoke such order if and only if such order was procured by fraud. An order under this section revoking an order of confirmation shall—
>
> (1) contain such provisions as are necessary to protect any entity acquiring rights in good faith reliance on the order of confirmation; and
>
> (2) revoke the discharge of the debtor.

34. Under this section a confirmed plan can only be revoked if procured by fraud. *In re Trico Marine Services, Inc.,* 337 B.R. 811 (Bankr. S.D.N.Y. 2006). Upon proof of fraud, section 1144 requires that the order revoking confirmation shall *"contain such provisions as are necessary to protect any entity acquiring rights in good faith reliance on the order of confirmation."* Thus, as to Defendant who purchased the real property from the Debtor's estate, if the court revokes confirmation of the plan, it must protect the Defendant because of its reliance on the order of confirmation. *In re Trico Marine Services, Inc*., 343 B.R. 68,72 (Bankr. S.D. N.Y. 2006)("at a

minimum the revocation order would have to protect current shareholders who purchased stock in reliance on post-confirmation financial statements).

35. Plaintiff's complaint offers no protection to the Defendant who relied on the confirmation order and the ability of the Debtor, as seller, to convey good title. See Def. Ex A-Declaration of Abdul Mahlik Arman Azia. In fact, the complaint seeks to invalidate Defendant's title to the property by way of an action to quiet title. An action to invalidate Defendant's title is inconsistent with 11 U.S.C. § 1144 that requires that the court protect the Defendant. Further, others at the closing of the sale of the property as shown by the HUD document, such as Shebilo Management, Inc. who funded the sale and discharged the first lien Class II creditor whose lien was discharged. See Def. Ex. C – HUD settlement statement.

36. In the absence of offering protection to those creditors who relied on the confirmation order, the complaint should be dismissed. *In re Quorum Health Corp.,* No. 20-10766 (BLS), 2023 WL 175194, at *6 (Bankr. D. Del. Jan. 12, 2023)(complaint dismissed under Federal Rule 12(b)(6) in part when it did not suggest relief to protect entities requiring rights in good faith reliance of the confirmation order by transfer of millions of dollars and innocent creditors who relied on the confirmation order).

**Defendant Pinn Road is a bona fide purchaser as a matter of law.**

37. Plaintiff relies on its sales contract with the Debtor (that occurred prior to the confirmation of the Chapter 11 plan) and seeks to compel a closing of the sale or to obtain legal title through a judgment from this court that would void the deed to the Defendant. Plaintiff is asserting an equitable remedy to void Defendant Pinn Road's title.

38. The Chapter 11 plan does not disclose the Plaintiff's lease claim or sales contract with the Debtor. Article III, Section 8.01 provides that the only executory contract or unexpired lease the Debtor has pertains to the property at 3539 Eisenhauer Road. Plaintiff's complaint does

not allege that Defendant could not rely on this plan provision and the order confirming the plan that there were no other claims pertaining to the property that the Debtor was selling to it, post-confirmation. There is no claim that Defendant had knowledge of any defects in the chapter 11 plan or fraud in the confirmation process.

39. It is undisputed that Defendant has legal title (because it has a warranty deed from the Debtor) and that Plaintiff has an equitable right to a claim in the real property owned by Defendant (based on the post-petition, pre-confirmation sales contract). Under Texas law, in a dispute between one with legal title (Defendant) and one with equitable title (Plaintiff), the burden of proof is upon the party with equitable title to prove that the holder of the legal title had notice, and was ***not an innocent purchaser.*** *Hill v. Moore*, 62 Tex. 610, 615 (1884); *Connor v. Lane*, 355 S.W.2d 223, 224 (Tex. Civ. App.—Waco 1962, no writ). In the absence of notice, then the owner of legal title is a bona fide purchaser. *Heidelberg v. Harvey*, 391 S.W.2d 828, 830 (Tex. Civ. App.—El Paso 1965, writ ref'd n.r.e.).

40. Plaintiff does not allege that Defendant Pinn Road is ***not an innocent purchaser of*** the Property. Defendant should be protected under Section 1144(1) because its status as an innocent purchaser is conclusively established by the absence of Plaintiff's allegation that it was not an innocent purchaser. Defendant can show that the Plaintiff's amended complaint fails because by law Defendant is presumptively an innocent purchaser of the property. It is undisputed that Defendant paid value and there are no allegations that it had notice of the defects in the plan confirmation. Further, since the court has set aside the default judgment, the confirmed Chapter 11 plan has not been revoked. Count 1 should be dismissed because even if the court revokes the confirmation order, the Defendant's title should be protected under 11 U.S.C. § 1144.

**C. COUNT 2**

41. In Count 2, Plaintiff seeks dismissal of the confirmation order based on lack of due

process as to the Plaintiff. For the same reasons as on Count 1, if the court revokes the confirmation order, the revocation should not affect Defendant's claim of title to the property. The court should dismiss this claim insofar as it seeks a remedy that would impair Defendant's title to the Property.

**D. COUNT 3.**

42. Count 3 seeks breach of contract claim against the Debtor. This claim should be dismissed because Plaintiff does not have a valid contract claim and therefore the complaint fails to state a claim upon which relief can be granted under Federal Rule 12(b)(6).

43. The elements of a breach of contract claim are (1) the existence of a valid contract between the plaintiff and defendant, (2) the plaintiff performed, (3) the defendant breached the contract, and (4) the plaintiff was damaged as a result of the breach. *Williams v First Ttenn. Nat'l, Corp.*, 97 S.W. 3d 798, 802 (Tex. App. – Dallas 2003, no pet.);*Valero Mktg. & Supply Co.v. Kalama Int'l,* 51 S.W.3d 345, 351 (Tex.App.-Houston [1st Dist.] 2001, no pet.).

**The sales contract with the Plaintiff is void.**

44. Plaintiff has no right to compel specific performance because it has no valid contract with the Debtor. The sale contract was not approved under 11 U.SC. § 363 or any plan provision and there is no allegation that the contract was within the ordinary course of business.

45. If a debtor, acting with the powers of a trustee, disposes of property out of the ordinary course of business without prior court approval, then the transaction may be unwound as invalid. *Bank of New York Mellon v. 251 Gotham LLC,* 604 B.R. 71, 77 (Bankr. S.D. Ala. 2019); *Slaieh v. Simons*, 584 B.R. 28, 36–37 (C.D. Cal. 2018)(court dismissed breach of contract claim under Fed. R. 12(b)(6) when the bankruptcy trustee could not enter a contract without court approval); *In re DeRosa-Grund*, 544 B.R. 339, 367-68 (Bankr. S.D. Tex. 2016) (transfer of property of estate without court approval was void); *In re Zeman*, No. 09-52559-C, 2010 WL 3123144, at *2 (Bankr. W.D. Tex. Aug. 6, 2010)(actions taken that exceed that authority are not

binding); *In re Smith*, 352 B.R. 500, 501 (Bankr. N.D. Ala. 2006)(parties are bound once the sale is approved by the court); *In re Crowder*, 397 B.R. 544 (B.A.P. 10th Cir. 2008)(order not binding on trustee because parties failed to comply with "notice and a hearing.") *In re Manchester Gas Storage, Inc.*, 309 B.R. 354, 379 (Bankr. N.D. Okla. 2004) ("[t]ransactions requiring, but lacking, approval may be set aside as void.")

46. Prior to the court approving a contract, a debtor can withdraw an application under 11 U.S.C. § 363(b)(1). *In re Asia Global Crossing, Ltd.,* 326 B.R. 240 (Bankr.S.D.N.Y.2005); ; *G–K Dev. Co., Inc. v. Broadmoor Place Invs., L.P. (In re Broadmoor),* 994 F.2d 744 (10th Cir.1993); *Razorback Moving & Storage, Inc. v. Rice (In re Allison Warehouse & Transfer, Inc.),* 145 B.R. 293 (Bankr.E.D.Ark.1992); *In re Landscape Properties, Inc.,* 100 B.R. 445 (Bankr.E.D.Ark.1988). The Trustee has not approved any contract of sale on the property. Even if proposed, the sale terms are objectionable because Defendant Pinn Road's terms were for $300,000,$50,000 above the price of the Plaintiff.

47. The court should dismiss Court 3 because the Plaintiff does not have a valid contract claim because the sales agreement is void.

**The Trustee is an Indispensable Party**.

48. This claim should be dismissed under Fed. R. 12(b)(7) because the Trustee is an indispensable party to the breach of contract claim and has not been named in the suit.

49. Federal Rule 19(a) provides:

> A person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action shall be joined as a party in the action if (1) in his absence, complete relief cannot be accorded among those already parties; or (2) he claims an interest relating to the subject of the action and is so situated that the disposition of the action in his absence may (i) as a practical matter impair or impede his ability to protect that interest, or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of his claimed interest.

50. In deciding a motion to dismiss requires a two-step analysis for determining

whether a party is indispensable under Rule 19. *In re Fin. Federated Title & Tr., Inc.*, 252 B.R. 840, 842 (Bankr. S.D. Fla. 2000). The court must ascertain under the standards of Rule 19(a) whether the party is a "necessary party," or one who should be joined if feasible. If the party is found to be a necessary party, the court must then proceed to the second step in the analysis, contained in Rule 19(b), which requires the Court to consider various factors and determine whether the litigation may continue.

51. In this case the Plaintiff's suit against the Debtor is a claim against the estate of the Trustee. If Plaintiff's claim is valid, then the estate of the Trustee has liability to the Defendant, post-petition. After the confirmation of the plan, the Debtor conveyed the real property to the Defendant based on a warranty deed that conveyed good title, did not reserve or except to the claims of the Plaintiff, and provided a covenant that all debts and claims had been paid.

52. If title to the property in Defendant fails, then under section 5.023 of the Texas Property Code, Defendant has a claim against the bankruptcy estate. Section 5.023 provides:

> (a) Unless the conveyance expressly provides otherwise, the use of "grant" or "convey" in a conveyance of an estate of inheritance or fee simple implies only that the grantor and the grantor's heirs covenant to the grantee and the grantee's heirs or assigns:
>
> (1) that prior to the execution of the conveyance the grantor has not conveyed the estate or any interest in the estate to a person other than the grantee; and
>
> (2) that at the time of the execution of the conveyance the estate is free from encumbrances.
>
> (b) An implied covenant under this section may be the basis for a lawsuit as if it had been expressed in the conveyance.

53. Under this section, if Plaintiff's claim is valid and Defendant's title is voided, then the estate has liability to the Defendant. Under Federal Rule 19 the absence of the Trustee, results in the Trustee being unable to protect the interest of the estate to avoid its warranty liability.

54. Because the case has been converted to Chapter 7, and the Debtor held title to the property at the time of the filing of the case, the Chapter 7 Trustee is a necessary party to any proceeding to compel conveyance of an interest in the property. 11 U.S.C.§ 323 (trustee is representative of the estate); 11 U.S.C. § 704 (trustee's duties include administration of property of the estate); 11 U.S.C. § 541 (property of the estate includes, with exceptions of no applicability here, "all legal or equitable interests of the debtor in property as of the commencement of the case"); *In re Riffin,* 2010 WL 3260131, at *4 (Bankr.D.Md. Aug. 18, 2010) ("As the only lawful party to act for property of the bankruptcy estate, it appears clear that the Trustee becomes a necessary party to actions affecting the property of the estate.").

**E. COUNT 4: ACTION TO QUIET TITLE**

55. Count 4 seeks an action to quiet title as to the Plaintiff's claims against Defendant Pinn Road. Plaintiff seeks to void Defendant's deed to the property as a cloud on the title.

56. A cloud on title exists when an outstanding claim or encumbrance is shown which, on its face, if valid, would affect or impair the title of the owner of the property. The plaintiff must prove: (1) an interest in a specific property, (2) title to the property is affected by a claim by the defendant, and (3) the claim, although facially valid, is invalid or unenforceable. *Sadler v. Duvall,* 815 S.W.2d 285, 293 n. 2 (Tex.App.-Texarkana 1991, writ denied); *Best Inv. Co. v. Parkhill,* 429 S.W.2d 531, 534 (Tex.Civ.App.-Corpus Christi 1968, writ dism'd). *Cruz v. CitiMortgage, Inc.,* 3:11–CV–2871–L, 2012 WL 1836095, at *4 (N.D.Tex. May 21, 2012); *In re Skelton*, 2013 WL 4009651 (Bkptcy N.D. Tex. 2013).

57. As to the first element, the Plaintiff must prove that it has an "interest in a specific property" by reason of its lease and sales contract in the Property. The Plaintiff has established an interest in the property, but its interest is void because the lease and the sale contract with the Plaintiff were outside of the ordinary course of business and were made without court approval.

They were also implied rejected in the chapter 11 plan because the Chapter 11 plan at Article VIII, Section 8.01 specifically provided that only the property at 3539 Eisenhauer Road was being assumed. For a lease or executory contract to pass through a plan unaffected because it is neither assumed nor rejected, requires the parties to continue to perform. *In the Matter of Greystone III Joint Venture,* 995 F.2d 1274, 1281 (5th Cir.1991) (if a debtor neither assumes nor rejects an executory contract, the contract continues in effect). The Debtor did not continue to perform on the lease or contract with the Plaintiff. The confirmed plan impliedly rejected both contracts.

58. The second element in an action to quiet title requires that "title to the property is affected by a claim by the defendant." Defendant has title to the Property based on a deed from the Debtor. Def. Ex D. Plaintiff can establish the second element in an action to quiet title.

59. The third element in an action to quiet title requires that "the claim, although facially valid, is invalid or unenforceable." Plaintiff cannot establish this element because Defendant's deed from the Debtor is not invalid or unenforceable. It is valid and enforceable. But even if the Debtor's chapter 11 plan is revoked, Defendant's title should be protected because Defendant is a bona fide purchaser of the Property as a matter of law because Plaintiff's title claim are invalid and Defendant and others who relied on the confirmation order are to be protected under 11 U.S.C. §1144.

60. Since Plaintiff's claim to the property is invalid and Defendant's claim to the Property is valid on its face, Defendant should prevail as to the action to quiet title claim. In the case of *In re Skelton*, 2013 WL 4009651 (Bkptcy N.D. Tex. 2013)(J. Houser), the court found that the bank's deed of trust lien was valid and enforceable, but the Debtor's claim (which was based on the lack of existence of a promissory note) in the property was invalid. Thus, the lender had a superior interest in the property and was entitled to summary judgment on the action to quiet title claim. See also, *In re Jacobsen*, 2012 WL 4033237 (Bkptcy. E.D. Tex. 2012)(J. Rhodes)(court

found debtor's "split the note" theory to have been rejected by the courts and since underlying basis of the claim was invalid, the debtor had no valid action to quiet title claim and the court dismissed the claim under Federal Rule 12(b)(6))

**Shebilo Management Inc. is an indispensable party.**

61. Plaintiff seeks to void the Defendant's title without joinder of Shebilo Management, Inc. who holds a first lien on the property as a result financing the sale to the Defendant. Under Texas law, if the litigation seeks to destroy or impair the lienholder's right to be paid or the security then it is an indispensable party. *Rondon v. Norton*, 591 S.W.2d 322, 323 (Tex. Civ. App.—Fort Worth 1979, no writ). Lienholders with claims to real property that are adverse to the plaintiff should be named in the action. *In re Yashouafar*, No. 1:16-BK-12255-GM, 2017 WL 4326367, at *12 (Bankr. C.D. Cal. Aug. 28, 2017). Senior lienholders who seek to foreclose real property must make junior lienholders parties in order to conclude their rights. *Garza v. Howell*, 37 Tex. Civ. App. 585, 587, 85 S.W. 461, 462 (1905, no writ). A party who has a property right into real estate is an indispensable party. *In re Reinoso,* 525 B.R. 573, 579 (Bankr. D.P.R. 2015)(wife with community property interest in property was an indispensable party).

62. There is no claim that Shebilo Management, Inc. is not a good faith lender. If the suit were allowed to proceed, this would not end the litigation because Shebilo Management, Inc's lien would remain unaffected. Thus, the court could be faced with a second lawsuit over the validity of the lender's lien. If the suit were allowed to proceed, this would not end the litigation because Shebilo Management, Inc. lien would remain unaffected. It could assert an equitable subrogation claim for the payoff of the first lien debt and then seek foreclosure of its equitable lien against the property, thus subjecting this court or a state court to additional litigation.

**F. COUNT 5**

63. In Count 5, Plaintiff seeks preliminary injunctive relief. Because Plaintiff is not entitled to relief under Counts 3 and 4, there is no basis for Plaintiff's claim for injunctive relief.

## III. PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendant Pinn Road Investments, Inc. respectfully prays for entry of an Order granting its Motion to Dismiss based on the Plaintiff's failure to state a claim upon which relief may be granted and for failure to join indispensable parties or alternatively to determine that the Plaintiff has no valid claim to the Property because its claims to the Property are void, that Defendant is protected by 11 U.S.C. § 1144, and for such other and further relief to which it may be entitled, whether in law or in equity.

DATED: February 1, 2023

Respectfully submitted,

THE LAW OFFICES OF RAY BATTALIA, PLLC
66 Granburg Circle
San Antonio, Texas 78218
Telephone: (210) 601-9405
Email: rbattaglialaw@outlook.com

BY: *./s/ Raymond W. Battaglia*
Raymond W. Battaglia
Texas Bar No. 01918055

PERRY COCKERELL, P.C.
8117 Preston Road, Suite 300
Dallas, Texas 75225
Telephone: 214-706-9195
Cell: 214-206-6560
Email: perry@perrycockerell.com

BY: ./s/ *Perry Cockerell*
Perry Cockerell
Texas Bar No. 04462500

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing has been served via first- class mail, postage prepaid, on the 1st day of February 2023, to the parties and attorneys listed below.

*/s/ Raymond Battalia*
Raymond Battalia

Clinton Lee Buck
Branscomb Law
4630 North Loop 1604 West
Suite 206
San Antonio, TX 78249

Jose C Rodriguez
1101 W 34th St, #223
Austin, TX 78705

Electro Sales & Service, Inc.
27015 Granite Path
San Antonio, TX 78258