UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| In re: § | | |
| § | | |
| ELECTRO SALES & SERVICES, § | CASE NO. 21-50546-MMP | |
| INC. § | | |
| § | Chapter 11 | |
| Debtor. § | | |

| | | |
|---|---|---|
| MR. W FIREWORKS, INC. § | | |
| § | | |
| *Plaintiff,* § | ADVERSARY PROCEEDING | |
| v. § | | |
| § | NO. 22-05045 | |
| ELECTRO SALES & SERVICE, INC. § | | |
| and 2317 PINN ROAD INVESTMENT § | | |
| INC. § | | |
| § | | |
| *Defendants.* § | | |

**DEFENDANT 2317 PINN ROAD INVESTMENT INC'S
ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

TO THE HONORABLE MICHAEL M. PARKER:

COMES NOW, Defendant 2317 Pinn Road Investments, Inc., hereinafter "Defendant" in the above-styled adversary proceeding and files its Answer to Plaintiff's First Amended Complaint and Counterclaim and would show the court as follows.

**I. ANSWER**

1. Defendant admits the allegations in paragraphs 1 through 7 of the Plaintiff's First Amended Complain (hereinafter "Complaint.")

2. Defendant denies the allegations in paragraph 8 of the Complaint.

3. Defendant is unable to admit or deny the allegations in paragraphs 9 through 13 of the Complaint.

4. Defendant admits the allegations in the first sentence of paragraph 14 of the

1

Complaint. Defendant is unable to admit or deny the allegations in the remainder of paragraph 14 of the Complaint.

5. Defendant is unable to admit or deny the allegations in paragraphs 15 through 40 of the Complaint.

## II. AFFIRMATIVE DEFENSES

6. Defendant would show that it is bona fide purchaser of the property, that it paid value, and in good faith, and that Plaintiff's alleged claim is not notice to the Defendant because Plaintiff's claim to the property is void.

7. Defendant would show that the lease and contract between the Debtor and Plaintiff were not made in the ordinary course of business under 11 U.S.C. § 363.

8. Defendant would show that the Plaintiff's lease and contract are void because they were post-petition transactions that were made without notice to creditors or the bankruptcy court and were entered without bankruptcy court approval.

9. Defendant would show that Plaintiff does not have an interest in the property in dispute, that it has no title, that the title of the property in dispute is not affected by a claim of the Plaintiff, that Plaintiff's claim is not facially valid and is invalid and unenforceable.

10. Defendant requests that the court expunge the lis pendens under Section 12.0071 of the Texas Property Code.

## III. COUNTERCLAIM

### A. Equitable Subrogation

11. Alternatively, if Plaintiff prevails in this suit, then Defendant, as Counter-Plaintiff, seeks equitable subrogation to impose an equitable lien on the property in dispute so that it can recover the funds paid to discharge the debt and lien to San Pedro Real Estate LLC in the amount

of $120,000 at the closing of the sale of the property to Counter-Plaintiff.

12. Defendant seeks prejudgment interest on the amount of the payoff sum of $120,000 at six percent interest per annum from July 5, 2022, until final judgment in this case.

### B. Cost of Improvement

13. Defendant seeks prejudgment interest on the amount of the Cost of Improvements at six percent interest per annum from the date Defendant advanced those costs, until final judgment in this case.

14. Defendant further seeks judgment in an amount equal to the cost of the improvements Defendant has made to the property following Defendant's purchase of the property in an amount not less than $252,000 (the "Cost of Improvements").

15. Defendant made permanent and valuable improvements to the property following its purchase and possession of the property.

16. Defendant's improvements and the value of each improvement is as follows:

Labor:
Demolition/Clean Up - $7,500
Walls repair/slat wall - $6,000
Tile - $15,000
Cabinets - $12,900
Exterior paint/clean up - $3,500
Bathrooms - $2,000
Security - $2,500
AC - $6,000
Electrical/lighting - $16,000
Trim/interior finishes - $9,000
Post inspection, corrective repairs - $5,000
Blue prints/doc prep - $1,500
Interior design - $3,500
Permitting assistance - $12,000 Miscellaneous - $9,500

3

<u>Materials</u>:

Slat wall - $7,200

Tile - $32,000

Cabinets - $24,000

Exterior paint/window repairs - $400

Bathrooms - $1,100

Shelves/hardware $12,600

Security - $5,500

AC - $4,200

Electrical/lighting - $14,000

Trim/interior finishes - $4,700

Dumpster/Haul Offs - $1,800

Post inspection, corrective repairs - $2,100

Miscellaneous - $17,300

Labor Total: $115,400

Material Total: $137,400

Grand Total: $252,800

17. Defendant requests that the court set the total amount of the subrogation amount being the amount used to discharge the prior lien, the Cost of Improvements, prejudgment interest and legal fees and grant to Defendant a judgment authorizing the judicial foreclosure of the property.

18. Defendant requests an order of sale permitting the sale of the property using the procedures under Texas Rules of Civil Procedure and to permit the sheriff, constable or designee in the appropriate precinct of Bexar County to sell the property so that Defendant can recover the total subrogated amount set by the court.

### C. Protection under 11 U.S.C. §1144

19. Counter-Plaintiff would show that the court confirmed the Chapter 11 plan.

20. Counter-Plaintiff would show that under 11 U.S.C. §1144 Counter-Plaintiff requests that the court provide any provisions that are necessary to protect the Counter-Plaintiff who acquired rights in good faith reliance on the order of confirmation.

### IV. CROSSCLAIM

COMES NOW Defendant 2317 Pinn Road Investment, Inc. and files this its Cross Claim against the Debtor, Electro Sales & Service, Inc. and would show the court the following:

21. Cross Plaintiff is 2317 Pinn Road Investment, Inc. who may be reached through its counsel of record.

22. Cross Defendant is the Estate of the Chapter 7 Debtor, Electro Sales & Service, Inc. who is now represented by the Chapter 7 Trustee, Jose C. Rodriguez and who may be served at 1101 W. 34th Street, #223, Austin, Texas 78705.

### A. Breach of Implied Warranty

23. Cross Plaintiff would show that on July 5, 2022, Electro Sales & Service, Inc. signed and delivered a Warranty Deed With Vendor's Lien and transferring title to the following property to the Cross Plaintiff:

> Being a portion of Lot 1, Block 1, C.B. 4189 of OAK ISLAND SUBDIVISIONS, a subdivision in Bexar County, Texas according to the plat recorded in Volume 9515, Page 81 of the Deed and Plat Records of Bexar County, Texas, and being out of that certain one acre tract described in Deed recorded in Volume 18982, Page 666, Real Property Records, Bexar County, Texas, no field notes for said portion of Lot 1 having been furnished with subject order.

24. The deed provided that there were no reservations from conveyances.

25. The deed provided:

Grantor, for the Consideration and subject to the Reservations from Conveyance and the Exceptions to Conveyance and Warranty, grants, sells, and conveys to Grantee the Property, together with all and singular the rights and appurtenances thereto in any way belonging, to have and to hold it to Grantee and Grantee's heirs, successors, and assigns forever. Grantor binds Grantor and Grantor's heirs and successors to warrant and forever defend all and singular the Property to Grantee and Grantee's heirs, successors, and assigns against every person whomsoever lawfully claiming or to claim the same or any part thereof, except as to the Reservations from Conveyance and the Exceptions to Conveyance and Warranty.

26. Section 5.023(a) of the Texas Property Code provides that "[U]nless the conveyance expressly provides otherwise, the use of "grant" or "convey" in a conveyance of an estate of inheritance or fee simple implies only that the grantor and the grantor's heirs covenant to the grantee and the grantee's heirs or assigns: (1) that prior to the execution of the conveyance the grantor has not conveyed the estate or any interest in the estate to a person other than the grantee; and (2) that at the time of the execution of the conveyance the estate is free from encumbrances.

27. Cross Plaintiff would show that the deed from the Debtor to the Cross-Plaintiff contained no reservations from conveyance and that it contained the words "grant" and "convey" and that the Debtor warranted that prior to the execution of the conveyance the grantor had not on conveyed the estate or any interest in the estate to a person other than the grantee and that the estate was free from encumbrances.

28. If the Plaintiff prevails and obtains title in this suit, the Cross-Plaintiff requests that the Court find that the Debtor breached its warranty of title to the Cross-Plaintiff and that Cross-Plaintiff have judgment against the Cross Defendant for damages being the loss of title.

WHEREFORE PREMISES CONSIDERED, Defendant 2317 Pinn Road Investments, Inc. respectfully prays that the Plaintiff take nothing in this suit and that Defendant recover its costs and attorney's fees; or alternatively that Defendant recover relief against the Debtor and Plaintiff, and for such other and further relief to which it may be entitled, whether in law or in equity.

DATED: May 30 2023.

       Respectfully submitted,

       THE LAW OFFICES OF RAY BATTALIA, PLLC
       66 Granburg Circle
       San Antonio, Texas 78218
       Telephone: (210) 601-9405
       Email: rbattaglialaw@outlook.com

       BY: */s/ Raymond W. Battaglia*
         Raymond W. Battaglia
         Texas Bar No. 01918055

       PERRY COCKERELL, P.C.
       8117 Preston Road, Suite 300
       Dallas, Texas 75225
       Telephone: 214-706-9195
       Cell: 214-206-6560
       Email: perry@perrycockerell.com

       BY: */s/ Perry Cockerell*
         Perry Cockerell
         Texas Bar No. 04462500

     **ATTORNEYS FOR 2317 PINN ROAD INVESTMENTS, INC.**

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing has been served via first- class mail, postage prepaid, on the 30th day of May 2023, to the parties and attorneys listed below:

Patrick H. Autry
Clint Buck
Branscomb Law
4630 North Loop 1604 West, Suite 206
San Antonio, Texas 78249

David T. Cain
Law Office of David T. Cain
8626 Tesoro Dr., #811
San Antonio, Texas 78217

Chapter 7 Debtor
Electro Sales & Service, Inc.
Jose C. Rodriguez
1101 W. 34th Street, #223
Austin, Texas 78705

                                    */s/ Raymond Battalia*
                                    Raymond Battalia