**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **In re:** § | | |
| § | **Case No. 21-50546-mmp** | |
| **ELECTRO SALES & SERVICE, INC.** § | | |
| § | **Chapter 11** | |
| **Debtor.** § | | |

| | | |
|---|---|---|
| **MR. W FIREWORKS, INC.,** § | | |
| **Plaintiff,** § | | |
| § | | |
| **v.** § | **Adversary No. 22-05045** | |
| § | | |
| **ELECTRO SALES & SERVICE, INC.,** § | | |
| **Defendant.** § | | |

**SECOND AMENDED**
**COMPLAINT FOR REVOCATION OF CONFIRMATION ORDER**
**AND OTHER RELATED RELIEF**

COMES NOW Mr. W Fireworks, Inc. ("Mr. W" or "Plaintiff") filing this Second Amended Complaint for Revocation of Confirmation Order and Other Related Relief against Electro Sales & Service, Inc., 2317 Pinn Road Investment Inc., and Shebilo Management, Inc. (together, the "Defendants") and would respectfully show the following:

**I.**
**Jurisdiction and Venue**

1. This Court has jurisdiction over this adversary proceeding under 28 U.S.C. §§ 157(A) and 1334, and the standing order of reference in the United States District Court for the Western District of Texas. Venue for this adversary proceeding is proper under 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding under 28 U.S.C. §§ 157(b)(2)(A), (L) and (N) and 1334. This Court is authorized to grant the relief requested herein under 11 U.S.C. § 1144.

2. This proceeding is within the core jurisdiction of the Bankruptcy Court and this Court has the authority to enter final orders and judgment in this proceeding. To the extent that

such consent is necessary, Mr. W consents to the entry of final orders and judgment in this proceeding.

3. The relevant order confirming the debtor-in-possession's plan for reorganization was signed and entered on April 20, 2022. Plaintiff's Original Complaint was filed within 180 days of that Order and was, therefore, timely. 11 U.S.C. § 1144.

## II.
## Parties

4. Mr. W is a Texas corporation with a principal office in Texas.

5. Defendant Electro Sales & Service, Inc. (Electro Sales) is a Texas corporation with a principal office at 27015 Granite Path, San Antonio, Texas 78258-1951. Electro Sales filed a petition under Chapter 11 of title 11 of the United States Code in this Court on May 3, 2021. It has appeared in this lawsuit by and through Jose C. Rodriguez in his capacity as Chapter 7 Trustee of the Estate of Electro Sales and Service, Inc.

6. Defendant 2317 Pinn Road Investment Inc. (Pinn Road) is a Texas corporation that has appeared in this lawsuit.

7. Third-Party Defendant Salim Merchant is an individual residing in Texas. Merchant has been served with process at the request of Electro Sales by and through the Chapter 7 Trustee, but not yet appeared in this lawsuit.

8. Defendant Shebilo Management, Inc. (Shebilo) is a Texas Corporation that may be served through its registered agent, Riyaz Vira, 11802 Queenston Drive, San Antonio, Texas 78253. Shebilo has an office with a mailing address of 23114 Evangeline, San Antonio, Texas 78258.

## III.
## Facts Pertinent to All Counts

9. As reflected in its schedules, Electro Sales owned approximately one acre of certain real property located at 2750 South Loop 1604 East, San Antonio, Texas 78264 (Property). According to its Second Amended Debtor-in Possession's Plan of Reorganization, Electro Sales "operates [a] commercial property rental business."

10. On June 6, 2021, Electro Sales, in the ordinary course of business, entered into a lease with Mr. W for the purpose of selling fireworks from the Property (Lease Agreement). A true and correct copy of the Lease Agreement is attached as Exhibit A. The Lease Agreement included a restriction and right of first refusal, reading as follows:

> Lessor(s) agree as an independent restriction that survives the lease not to sell or lease any part of said property including any adjoining, adjacent or contiguous property to any person(s) or corporation for the purpose of selling fireworks in competition to the Lessee during the term of this lease including all options, and for a period of ten years after lease is terminated. Lessor will give Lessee first right of refusal should Lessor decide to sell to any third party. Only Mr. W Fireworks are allowed to be sold on the property.

11. After entering into the Lease Agreement, Mr. W recorded a Memorandum of Lease as Document 20210352099 in the Official Public Records of Bexar County, Texas, (Memorandum) to protect its interests in the real property and provide notice to third parties of those interests. A true and correct copy of the Memorandum is attached as Exhibit B. The Memorandum affirmed the existence of the restriction and the right of first refusal as to the Property as granted by Electro Sales in the Lease Agreement, stating as follows:

> Lessor agrees not to sell or lease any part of said property to any person(s) or corporation for the purpose of selling fireworks in competition to the Lessee during the term of this lease, and for a period of ten years after lease is terminated. Lessor will give Lessee first right of refusal should Lessor decide to sell.

> The notice imparted by this Memorandum is given to advise every person of the existence of the Lease and the foregoing restrictive covenant, in lieu of filing the original of the Lease for public record. The original of the Lease is in the offices of the Lessee.

12. When Mr. W and Electro Sales executed the Lease Agreement, Mr. W was unaware of the bankruptcy proceeding. Electro Sales never informed Mr. W that it had filed for bankruptcy protection.

13. Electro Sales has not identified the Lease in its Schedules or its Second Amended Plan of Reorganization (Plan). In fact, Electro Sales stated in its Plan that "[t]he only executory contract or unexpired lease the Debtor has is with Attaur Rehman, who is leasing the property at 3539 Eisenhauer Road, San Antonio, Texas."

14. In March 2022, Mr. W and Electro Sales executed a contract in which Mr. W agreed to pay approximately $250,000 to purchase the Property (Contract). A true and correct copy of the Contract is attached as Exhibit C. The Contract became effective on March 4, 2022, when Mr. W deposited $2,500 in earnest money with the title company as escrow agent.

15. Electro Sales has also not disclosed the Contract in its Schedules or Plan.

16. On April 20, 2022, this Court confirmed the Plan (Confirmation Order). At the time, Mr. W was still unaware of this bankruptcy proceeding, let alone the Confirmation Order or the Plan.

17. Under the Plan, property remaining in the estate would revest in the Chapter 7 estate if the case was converted to Chapter 7.

18. Mr. W and Electro Sales scheduled closing for June 1, 2022. On May 31, Salim Merchant, the principal of Electro Sales, sent an e-mail to the title company and to Mr. W stating that he was "refusing to sign the documents because [he had] better offer [sic]."

19. To comply with its contractual obligation, Mr. W deposited the entirety of the purchase funds into escrow and delivered the executed closing documents that had been presented to it for signature.

20. The parties continued exchanging e-mails, and the title company continued to request information. On June 1, 2022, the title company informed Merchant that the title examiner needed information relating to Electro Sales's company bylaws allowing the sale to occur. When obtaining documentation became difficult, Salim said "I am terminating the contract."

21. On June 3, the title company informed Mr. W that Mr. Merchant had stopped replying to its outreach.

22. Subsequently, to ensure it could continue to occupy the Property, Mr. W sent a rent payment to Electro Sales in accordance with the terms of the Lease Agreement. On June 10, Mr. Merchant sent an e-mail to Mr. W all but confirming he had no intent of proceeding with closing, stating as follows:

> I am canceling the lease contract between you and me, because I want to sell the property - and my selling price is $300,000 net ie closing cost and property taxes to be payable by the buyer. Therefore, I am returning your check.

23. Electro Sales never closed the sale. Mr. W was ready, willing, and able to close on the closing date, and remains so.

24. On July 5, 2022, Electro Sales executed a Warranty Deed with Vendor's Lien recorded as Document No. 20220166850 in the Official Public Records of Bexar County (Deed). A true and correct copy of the Deed is attached as Exhibit D. The Deed purported to transfer title to the Property to Pinn Road. At no point did Electro Sales or Pinn Road notify Mr. W of this proposed sale. Mr. W only learned of the sale when a representative of Pinn Road contact Mr. W

insisting that it remove its fireworks stand from the Property—despite the existence of Mr. W's Lease Agreement.

25. When Pinn Road attempted to purchase the Property, it did so with actual, constructive, and/or inquiry notice of Mr. W's Lease Agreement by virtue of the recorded Memorandum and Mr. W's stand on the Property. Because Pinn Road was on notice of Mr. W's contractual rights—not to mention the bankruptcy case, which, like the Memorandum, was disclosed in Pinn Road's title commitment—it cannot qualify as a bona fide purchaser.

26. To fund Pinn Road's attempted purchase of the Property, Pinn Road delivered a promissory note secured by a deed of trust recorded as Document Number 20220169110 in the Official Public Records of Bexar County, Texas (Deed of Trust) to Shebilo. A true and correct copy of the Deed of Trust is attached as Exhibit E.

## IV.
## Count 1 – Revocation of Confirmation

27. Mr. W alleges and incorporates by reference Paragraph 1 through 26 as if fully set forth herein.

28. Under Section 1144 of the Bankruptcy Code, "[o]n request of a party in interest at any time before 180 days after the date of the entry of the order of confirmation, and after notice and a hearing, the court may revoke such order if and only if such order was procured by fraud." 11 U.S.C. § 1144. The elements of a claim for fraud are (1) that the debtor or proponent made a materially false representation or omission to the court; (2) that the representation was made with knowledge of its falsity or reckless disregard for the truth; (3) that the representation was made to induce the court's reliance; (4) that the court actually relied upon the representation; and (5) the court entered the confirmation order in reliance on the representation. *Matter of Sherwin Alumina Co., L.L.C.*, 952 F.3d 229, 235 (5th Cir.).

29. The Confirmation Order was procured by fraud through commission and omission as described above. The Debtor made a materially false statement to the Court by failing to disclose the existence of both the Lease and the Contract and the transaction that the Debtor had entered into with Mr. W subsequent to the commencement of its bankruptcy case.

30. Parties seeking confirmation of a plan have an affirmative fiduciary duty of full and accurate disclosure in good faith. As described above, these duties were breached, and such breaches amounted to a fraud on the Court and parties in interest. There were intentional omissions and misstatements of material facts and a failure to disclose material facts. Electro Sales had multiple opportunities to alert this Court to the existence of the Lease and the Contract and did not do so.

31. Electro Sales' knowledge of the falsity of its representation is readily apparent. It knew to disclose a separate lease agreement, yet withheld information regarding Mr. W's Lease.

32. The Court and parties-in-interest reasonably relied upon the omissions contained in the Schedules and Plan. The omissions were harmful to the integrity of the Chapter 11 process.

33. The Court should revoke the Confirmation Order. In addressing the disclosure of material facts in bankruptcy court transactions, numerous courts have noted that the importance of full disclosure cannot be overstated. The confirmation process required full and complete disclosure. This did not occur and the confirmation process was subverted.

**V.**
**Count II – Dismissal of Confirmation Order as to Mr. W for Lack of Due Process**

34. Mr. W alleges and incorporates by reference Paragraph 1 through 33 as if fully set forth herein.

35. The Debtor violated Mr. W's due process rights by failing to provide adequate notice reasonably calculated to provide Mr. W with an opportunity to object to the Confirmation Order. Consequently, the Confirmation Order is void as to Mr. W.

## VI.
## Count III – Breach of Contract

36. Mr. W alleges and incorporates by reference Paragraph 1 through 35 as if fully set forth herein.

37. Mr. W and Electro Sales entered into an agreement in writing under which Mr. W agreed to buy and Electro Sales agreed to sell the Property.

38. Mr. W has fully performed all of its contractual obligations and remains ready, willing, and able to pay Electro Sales the agreed purchase price for the Property subject to any offsets Mr. W may be entitled to.

39. Electro Sales has violated the Contract by refusing to close the sale on the closing date and continually refusing to complete the sale of the Property.

40. As a result of Electro Sales's breach of the contract, Mr. W has lost the benefits it expected to receive under the Contract if fully performed as promised. Accordingly, Mr. W hereby seeks specific performance under Section 17 of the Contract.

41. Further, Mr. W and Electro Sales entered into an agreement in writing in the ordinary course of business under which Electro Sales gave Mr. W a right of first refusal to purchase the Property as evidenced by the parties' signatures on the Lease Agreement.

42. Mr. W has fully performed all of its contractual obligations under the Lease Agreement.

43. Electro sales breached the Lease Agreement and the ROFR contained therein by transferring record title to Pinn Road without providing Mr. W the opportunity to exercise its ROFR.

44. As a result of Electro Sales's breach, Mr. W has lost the benefits it expected to receive under the Lease Agreement if fully performed as promised. Accordingly, Mr. W hereby seeks specific performance of the Lease Agreement and the ROFR contained therein.

45. At all relevant times, Mr. W has been and remains ready, willing, and able to complete the purchase of the Property.

46. Because Mr. W seeks an order of specific performance of its Contract with Electro Sales or, alternatively, its Lease Agreement and the right of first refusal contained therein, Mr. W intends, upon final judgment, to deposit the purchase funds (less reasonable and necessary attorneys' fees awarded by the Court) into the registry of the Court. Electro Sales, Pinn Road, Shebilo, and any other entity asserting a right to those funds will then be able to use those funds to satisfy their claims in whole or in part.

47. Further, because Pinn Road has asserted a contractual right to purchase the Property and had actual, constructive, and/or inquiry notice of Mr. W's right of first refusal, any interest in the Property it has is subject to that right and it may now be required to convey title to Mr. W through specific performance. *See Archer v. Tregellas*, 566 S.W.3d 281, 287 (Tex. 2018).

48. Additionally, Electro Sales's alleged sale of the Property to Pinn Road was taken subject to and not free and clear of Mr. W's ROFR or other interests in the Property because Mr. W had no notice of the proposed sale.

## VII.
## Count IV – Quiet Title

49. Mr. W alleges and incorporates by reference Paragraph 1 through 48 as if fully set forth herein.

50. Mr. W has an interest in the Property. Title to the Property is affected by claims by Pinn Road and Shebilo, and those claims are invalid or unenforceable. The Deed, which purported to transfer record title to the Property to Pinn Road, and the Deed of Trust constitute clouds on Mr. W's title that equity will remove. Mr. W has a right to ownership of the Property by virtue of its ROFR and Contract being valid and enforceable, and Mr. W therefore seeks a judgment invalidating the Deed and Deed of Trust.

## VIII.
## Count V – Preliminary Injunctive Relief

51. Mr. W alleges and incorporates by reference Paragraph 1 through 50 as if fully set forth herein.

52. Pinn Road has taken possession of the Property in violation of Mr. W's rights under the Contract and has begun clearing the land. This Application for a Preliminary Injunction is authorized by Federal Rule of Bankruptcy Procedure 7065, Federal Rule of Civil Procedure 65, and Texas Civil Practice and Remedies Code § 65.011. Mr. W requests that the Court enter a preliminary injunction against Defendants (and their agents, servants, employees, and anyone in active concert or participation) that prohibits them from entering onto the Property, modifying the Property, conveying the Property, removing Mr. W's fireworks stand, or aiding anyone else in any of the activities prohibited by the Order Granting Plaintiff's Application for Preliminary Injunctive Relief.

## IX.
## Prayer

Therefore, Plaintiff Mr. W Fireworks, Inc., requests that this Court enter judgment in its favor against Defendants Electro Sales and Service, Inc. 2317 Pinn Road Investment Inc., and Shebilo Management, Inc., revoke the Confirmation Order, dismiss the confirmation order as to Mr. W, declare that the Deed and Deed of trust are invalid and unenforceable against the Property, quiet title to the Property in Mr. W, and award Mr. W its damages, injunctive relief, specific performance, and all other relief to which it may be entitled.

Respectfully submitted,

BRANSCOMB LAW
4630 North Loop 1604 West, Suite 206
San Antonio, Texas 78249
Telephone:   (210) 598-5400
Facsimile:   (210) 598-5405

By: /s/ Clint Buck
Clint Buck
State Bar No. 24078280
cbuck@branscomblaw.com
Patrick H. Autry
State Bar No. 01447600
pautry@branscomblaw.com
*Attorneys for Plaintiff Mr. W Fireworks, Inc.*

### CERTIFICATE OF SERVICE

The undersigned certifies that a true copy of the foregoing was served on August 14, 2023, to the following:

| | | |
|---|---|---|
| Cynthia Zuniga Puig<br>DANIELS & DANIELS<br>11120 Wurzbach Road<br>Oak Ridge Square, Suite 301<br>San Antonio, Texas 78230<br>*Attorney for Electro Sales & Service, Inc.*<br>*and Salim Merchant* | *Via:* | ☑ E-file and/or E-mail<br>☐ Fax<br>☐ Mail<br>☐ Hand delivery |

| | | |
|---|---|---|
| Perry Cockerell, P.C.<br>PERRY COCKERELL, P.C.<br>8117 Preston Road, Suite 300<br>Dallas, Texas 75225<br>*Attorney for Defendant 2317 Pinn Road Investment Inc.* | *Via:* | ☒ E-file and/or E-mail<br>☐ Fax<br>☐ Mail<br>☐ Hand delivery |
| Raymond W. Battaglia<br>THE LAW OFFICES OF RAY BATTAGLIA, PLLC<br>66 Granburg Circle<br>San Antonio, Texas 78218<br>*Attorney for Defendant 2317 Pinn Road Investment Inc.* | *Via:* | ☒ E-file and/or E-mail<br>☐ Fax<br>☐ Mail<br>☐ Hand delivery |
| Steve Cennamo<br>LAW OFFICE OF CENNAMO AND WERNER<br>12042 Blanco Rd., Suite 308<br>San Antonio, Texas 78216<br>*Attorney for Chapter 7 Trustee* | *Via:* | ☒ E-file and/or E-mail<br>☐ Fax<br>☐ Mail<br>☐ Hand delivery |
| Jose C. Rodriguez<br>LAW OFFICES OF JOSE C. RODRIGUEZ<br>1101 W. 34th St., #223<br>Austin, Texas 78705<br>*Chapter 7 Trustee* | *Via:* | ☒ E-file and/or E-mail<br>☐ Fax<br>☐ Mail<br>☐ Hand delivery |

*/s/ Clint Buck*

Clint Buck