IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| IN RE: ELECTRO SALES & SERVICE, INC. | § § § | CASE NO. 21-21-50546-MMP |
| DEBTOR | § § | CHAPTER 11 |

| | |
|---|---|
| MR. W FIREWORKS, INC. | ADVERSARY PROCEEDING |
| PLAINTIFF | |
| V. | NO. 22-05045 |
| ELECTRO SALES & SERVICE, INC. AND 2317 PINN ROAD INVESTMENT INC. | |
| DEFENDANTS | |

**DEFENDANT ELECTRO SALES & SERVICE, INC.'S 2ND AMENDED ANSWER TO DEFENDANT 2317 PINN ROAD INVESTMENT INC.'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT AND CROSS CLAIM AND DEFENDANT/CROSS DEFENDANT ELECTRO SALES & SERVICE, INC.'S ORIGINAL CROSS CLAIM AGAINST 2317 PINN ROAD INVESTMENT INC.**

TO THE HONORABLE JUDGE MICHAEL M. PARKER:

COMES NOW, Defendant Electro Sales & Service, Inc., by and through its attorney of record, Cynthia Zuniga Puig, and files its Answer to Defendant 2317 Pinn Road Investment Inc.'s Answer to Plaintiff's First Amended Complaint and Cross Claim and Defendant/Cross Defendant Electro Sales & Service Inc.'s Original Cross Claim Against 2317 Pinn Road Investment Inc. and would show the court the following:

**I.
ANSWER**

1. Paragraphs 1-5 does not require a response.

**II.
AFFIRMATIVE DEFENSES**

2. Defendant cannot admit or deny the allegations in Paragraphs 6 through 10 of the response.

## III.

## COUNTERCLAIM

### A. Equitable Subrogation

3. Defendant cannot admit or deny the allegations in Paragraph 11 and 12 only to aver that 2317 Pinn Road Investments, Inc. ("Pinn Road") had actual notice of the lease between Mr. W Fireworks Inc by virtue of the memorandum of lease that was filed with the property records and as such would take subject to that lease and Pinn Road also had actual notice of the Defendant's Chapter 11 bankruptcy by virtue of the title commitment issued to Pinn Road at the time the contract was escrowed with the title company. As such any amounts spend by Pinn Road for cost of purchase or improvements should not be subject to reimbursement by Electro Sales & Service Inc. or by Mr. Salim Merchant.

### B. Cost of Improvements

4. Defendant cannot admit or deny the allegations in Paragraph 13 through 18 only to aver that 2317 Pinn Road Investments, Inc. ("Pinn Road") had actual notice of the lease between Mr. W Fireworks Inc by virtue of the memorandum of lease that was filed with the property records and as such would take subject to that lease and Pinn Road also had actual notice of the Defendant's Chapter 11 bankruptcy by virtue of the title commitment issued to Pinn Road at the time the contract was escrowed with the title company. As such any amounts spend by Pinn Road for cost of purchase or improvements should not be subject to reimbursement by Electro Sales & Service Inc. or by Mr. Salim Merchant.

### C. Protection Under 11 U.S.C. Section 1144

5. Defendant did not procure confirmation of the Plan through fraud and as such denies Paragraph 19 and 20.

## IV.

## CROSSCLAIM

6. Cross Defendant admits Paragraph 21.

7. Cross Defendant denies Paragraph 22. Cross Defendant is represented by Cynthia Zuniga Puig and who may be served at Daniels & Daniels, 11120 Wurzbach Road, Oak Ridge Square, Suite 301, San Antonio, Texas 78230.

### A. Breach of Implied Warranty

8. Cross Defendant admits Paragraph 23 only to the extent that a Warranty Deed With Vendor's Lien was executed.

9. Clear title to the property was insured by Old Republic National Title Insurance Company ("Republic") and any lack of knowledge by Pinn Road of Mr. W's lease should

be Republic's fault and liability for any cost and expenses incurred by Pinn Road should be paid by Republic as such Cross Defendant denies Paragraphs 24 through 28.

V.

**ELECTRO SALES & SERVICE, INC. ORIGINAL CROSS CLAIM**

COMES NOW Defendant, Electro Sales & Service, Inc. ("Electro") and files this original cross claim against Defendant 2317 Pinn Road Investment, Inc. ("Pinn Road") and in support thereof would show the Court the following:

10. The subject Property was owned by the Electro and it operated a commercial property rental business. The debtor in possession may use, sell, or lease property of the estate in the ordinary course of its business, without prior approval, unless the court orders otherwise. 11 U.S.C. § 363(c).

11. Electro filed its original Chapter 11 petition on **May 3, 2021** and its Amended petition and Schedules on **May 21, 2021**, six and one-half months prior to the effective date of the lease between Mr. W and Electro which was December 6, 2021 and also prior to the alleged contract date of June 6, 2021. As such the Electro could not have listed the lease in any of the schedules and Electro was under no duty under the plan to notify Mr. W that it had filed Chapter 11 in order for the Defendant to procure the lease.

12. The Court confirmed the Plan on April 20, 2022 and Pinn Road was aware of the bankruptcy proceeding because the commitment letter from the title company listed that Electro Sales & Service Inc. was in bankruptcy. The title company issued clear title to Pinn Road.

13. Electro relayed to Mr. W in writing that he had a better offer.

14. Pursuant to the confirmed plan Article XI section 11.01 it states that *The obligations to creditors that the Debtor undertakes in the Confirmed Plan replaces those obligations to creditors that existed prior to the Effective Date of the Plan.* The Effective Date of the Plan was May 21, 2022 therefore the Plan replaced all obligations to the creditors that existed prior to that date effectively removing the right of first refusal from Mr. W's lease and allowing the Debtor the right and freedom to sell his properties to the highest bidder. The Defendant was ordered by the Court via the Plan Article III section 3.01 that *The means necessary for the execution of the Debtor's Plan shall be the liquidation of its assets, including the marketing and sale of the Debtor's commercial real estate. All of the Debtor's real property shall be sold within 180 days from the Confirmation Date* (which was April 20, 2022). *The properties shall be sold to the **highest bidder** for cash with no contingencies.* The moment the Electro had a higher offer he had the duty to accept the higher bid. Even if Mr. W's right of first refusal was in effect at the time the contract was signed the moment the Defendant informed Mr. W that he had a higher offer, which Mr. W admits he did, the only obligation the Defendant had to Mr. W, if any, was to accept Mr. W's higher bid which Mr. W did not offer to do which allowed for

the sale of the property to Pinn Road to move forward. In addition, the closing date of Mr. W Contract was June 1, 2022 and the title company was not ready to close on that date. Even on June 2, 2022 the title company was still requesting information. Once the Plaintiff was not ready to close the contract was terminated.

15. Mr. W was notified that the higher price was $300,000.00.

## VI.

## **AFFIRMATIVE DEFENSES**

16. Electro will show that Pinn Road had notice of the bankruptcy at the time of the sale of the subject Property.

17. Electro will show that Mr. W had notice of the higher bid but refused to make a counteroffer.

18. Electro will show that Pinn Road that Mr. W was not ready to close on June 1, 2022 thus terminating the contract.

19. Electro will show that Pinn Road that Mr. W's right of first refusal was no longer applicable to his existing contract pursuant to the plan giving Electro the right to sell to the highest bidder as required by the plan.

20. Electro will show that at the time the lease was signed the Schedules as amended were already filed.

21. The debtor in possession may use, sell, or lease property of the estate in the ordinary course of its business, without prior approval, unless the court orders otherwise. 11 U.S.C. § 363(c) and did not need to give notice of the bankruptcy to the lessee to procure a lease.

22. Electro will show that no notice of sale required Court permission pursuant to the plan nor was Electro ever told he needed Court permission.

23. Electro will show that there was no violation of Mr. W's due process rights because the only objection that Mr. W could be plead was not to sell the commercial property which would not be sustained because that how the plan was being funded.

24. Electro will show that the lease was indefinite, was unconscionable, was overreaching and was illegal.

25. On May 3, 2021 Electro filed for Chapter 11 Bankruptcy protection. On May 21, 2021 Electro filed an Amended petition and his Schedules and Summary and Statement of

Financial Affairs. On that date the lease agreement between the Electro and Mr. W had not been executed. The lease agreement was executed on December 6, 2021. At that time pursuant to 11 U.S.C. § 363(c) Defendant could lease property of the estate in the ordinary course of business without prior approval. The Defendant operated a commercial property rental business.

26. Mr. W filed a memorandum of lease agreement with the Bexar County property records.

27. The terms of the lease required Electro not to lease the Property for 20 years or sell the property for 10 years after termination. The rents that Electro was to receive **per year** for 10 years was only $2,000.00. This contract was unconscionable, overreaching and illegal and as such the lease was void ab initio. In addition, if these terms were enforceable it would run afoul the Court's order of selling all commercial properties within 180 days to the highest bidder. In addition pursuant to Section 11.01 of the Plan, *The obligations to creditors that the Debtor undertakes in the Confirmed Plan replace those obligations to creditors that existed prior to the Effective Date of the Plan* (May 21, 2022). As such any right of first refusal under the terms of the lease were replaced with the obligations under the confirmed plan-sell the property within 180 days from the date of confirmation to the highest bidder.

28. On March 4, 2022, the Electro and Mr. W entered into a real estate sales agreement. The closing was to be held on June 1, 2022.

29. On April 20, 2022 the Defendant's Second Amended Plan of Reorganization (the "Plan") was confirmed. The effective date pursuant to the Plan was 30 days from the Confirmation date.

30. Within the terms of the Plan Section 3.01 states *The means necessary for the execution of the Debtor's Plan shall be liquidation of its assets, including the marketing and sale of the Debtor's commercial real estate. All of the Debtor's real property shall be sold within 180 from the Confirmation Date (*April 20, 2022*). The properties shall be sold to the highest bidder for cash with no contingencies.*

31. Upon the escrowing of the real estate sales agreement with Alamo Title Company located at 2915 W. Bitters, Suite 301, San Antonio, Texas on or about March 4, 2022, the commitment letter reflected or should have reflected the fact that Electro Sales & Services, Inc. was in bankruptcy. As such Mr. W was fully aware of the bankruptcy and his allegation in his petition that he was not afforded notice is a misrepresentation to the Court and the adversary should be dismissed. Alternatively, if the commitment did not reflect the Defendant's bankruptcy then Alamo Title Company should be brought into the lawsuit to answer why they were negligent in doing so.

32. The Defendant was ready to close but on June 1, 2022 at 4:13 pm after several email correspondences between Ms. Andrea L. Holland, Commercial Escrow and Title Services officer with Alamo title and the Defendant, the Defendant was informed that the

examiner for the title company did not accept the document he provided thus terminating the contract.

33. On May 31, 2022, Mr. W had notice that a higher offer for the property had been given to Electro as admitted to in his First Amended Complaint for Revocation of Confirmation Order docket entry #3 Paragraph 15 as such if the right of first refusal was still a term of the contract post-confirmation, then Mr. W should have counter with a higher offer but he did not so he refused to exercise that right.

34. On June 10, 2022, Mr. W had notice that a higher offer for the property of $300,000.00 had been given to Electro as admitted to in his First Amended Complaint for Revocation of Confirmation Order docket entry #3 Paragraph 19 as such if the right of first refusal was still a term of the contract post-confirmation, then Mr. W should have counter with a higher offer but he did not so he refused to exercise that right.

35. Mr. W would not have been damaged by the sale of the property to the highest bidder because, if the lease was valid, conscionable, and legal, the buyer would have taken the property subject to the lease.

36. Pinn Road was fully aware of Mr. W's lease on the property and was aware or should have been aware that Pinn Road would take the property subject to the lease but chose to ignore that fact and proceeded with closing the transaction and spending monies toward improving the property. Now Pinn Road is alleging that Electro breach an implied warranty, even though the title company issued clear title, trying to collect monies from Electro because of their mistake. This action by Pinn Road is causing Electro to spend monies defending this intentional and or fraudulent misrepresentation to which Electro seeks actual and punitive damages, cost and attorney fees

37. Pinn Road was fully aware of Electro's bankruptcy filing but chose to ignore that fact and proceeded with closing the transaction and spending monies toward improving the property. Now Pinn Road is trying to collect monies from Electro because of their mistake and is causing Electro to spend monies defending this intentional and or fraudulent misrepresentation to which Electro seeks actual and punitive damages, cost and attorney fees.

WHEREFORE PREMISES CONSIDERED, Electro prays that Pinn Road's cross claim is dismissed or denied and the Pinn Road take nothing in this suit and that Electro recover its actual damages, punitive damages, costs and attorney fees and for such further relief to which the Defendant may be entitled to, whether in law or inequity.

DATED: August 14, 2023

DANIELS & DANIELS
11120 Wurzbach Road
Oak Ridge Square, Suite 301
San Antonio, Texas 78230
Telephone: 210-225-4595
Facsimile: 210-225-5673

_____
Cynthia Zuniga Puig,
SBN 22293457
cynthiapuig@danielslawfirm.org

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was filed with the Court and served electronically upon those Parties registered to receive electronic notice via the Court's CM/ECF system on the _14th_ day of August, 2023 or sent by United States First Class Mail to the following parties:

Electro Sales & Services
27015 Granite Path
San Antonio, Texas 78258

Perry Cockerell
PERRY COCKERELL, P.C.
8117 Preston Road, Suite 300
Dallas, Texas 75225
Attorney for Defendant 2317 Pinn Road Investment Inc.

Raymond W. Battaglia
THE LAW OFFICES OF RAY BATTAGLIA, PLLC
66 Granburg Circle
San Antonio, Texas 78218
Attorney for Defendant 2317 Pinn Road Investment Inc.

Steve Cennamo
LAW OFFICE OF CENNAMO AND WERNER
12042 Blanco Rd., Suite 308
San Antonio, Texas 78216
Attorney for Chapter 7 Trustee

Clint Buck
BRANSCOMB LAW
4630 North Loop 1604 West
Suite 206
San Antonio, Texas 78249

Jose C. Rodriguez
LAW OFFICES OF JOSE C. RODRIGUEZ
1101 W. 34th St., #223
Austin, Texas 78705
Chapter 7 Trustee

_____
Cynthia Zuniga Puig